IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-36327-H2-7 |
| | § | |
| JEFFREY A. SHANKMAN, | § | (Chapter 7) |
| | § | |
|     DEBTOR | § | |
| | § | |
| LOWELL T. CAGE, TRUSTEE, | § | |
| | § | |
|     PLAINTIFF | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| LAWRENCE G. GOLDBERG | § | |
| AND CAROLE GOLDBERG, | § | |
| | § | |
|     DEFENDANT | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT,
FOR TURNOVER OF PROPERTY OF THE ESTATE AND FOR
<u>AVOIDANCE OF FRAUDULENT AND PREFERENTIAL TRANSFERS</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Lowell T. Cage, Trustee ("Trustee") of the bankruptcy estate of Jeffrey A. Shankman ("Debtor"), and would respectfully represent to the Court as follows:

I. <u>JURISDICTION</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 541, 544, 547 and 548. This is a core proceeding.

II. <u>PARTIES</u>

2. Lowell T. Cage, Trustee is the duly appointed chapter 7 Trustee of the bankruptcy estate of Jeffrey A. Shankman, Case No. 08-36327-H2-7.

3. Defendants Lawrence G. Goldberg and Carole Goldberg are individuals and may be served with citation at 7417 Wesboro Road, Louisville, Kentucky 40242.

III. <u>FACTS</u>

4.  This case was commenced by the filing of a voluntary chapter 7 petition by Jeffrey A. Shankman on October 5, 2008. Lowell T. Cage, Trustee ("Trustee") was appointed Trustee of this estate on the same date.

5.  Prior to the filing of this case, the Debtor owned the following items of art:

**Section 1**
Dragon Zsolnay
Reed and Barton Tazza
Ederle Tureen
Galle Vase
Jarvie Candelabrum

**Section 2**
Buckminister Fuller Sculpture
International Silver Co Bowl
Hansen Candelabra
Gego-1993
El-Hanani-1996
Moffatt-1998
Desnet Center Piece
Ashbee bowl/spoon
Rath-Speaker Sculpture
Fallot Candlesticks
Peche Centerpiece
Fuchs-2002
Zeisler Sculpture
Hagenauer Candlesticks
Depres Cocktail Set
Kondo Box
Collotte Vase
Gambone Vase
Gambone Pitcher
Hecker-2002
Harris Decanter
13 Lithographs from Cuba

---------------------------------
**Section 3**
Fantoni Vase
Follot Tea Set
Fitzpatrick-2004
Paul Candelabra
---------------------------------
**Section 4**
Arman Tea Set
Orrefors Apple
2 Sottsass Enamel Plates
Italian Glass Floor Vase
Longwy Vase
Lachenal Vase
Satsuma Centerpiece
Dresser Decanter
Hoffman Grid Vase
Ruys Candlesticks
Wood Vase
Mosre Vase
Moser Goblet
Knox Bowl
Tiffany Pitcher
Knox Vase
English 3 pc Deco Tea Set
Jensen Pitcher
Koshira Blade Sculpture
Odetts-1950
Depres Chalice

Sika Tea Service
Horjt Table
Knight Tea Set
Klauss Vase
Zimmerman Vase
WMP Biscuit Box
Sottsass Ceramic
Gurschner Vase
Lamber Ruiki-1928
Clayton Bros-2004
Eoff-1997
3 Woods-1998
Betts-2005
Sottsass Glass Sculpture
5 Sakier Vases
Wright Ice Bucket
Desny Cocktail Set
Sottsass Ceramic Sculpture
Sottsass Silver Centerpiece
Wood-1996
Luce Vase
Longwy Box
Dresser Tureen
Sharifi-2003
Yoes-1998
Parazette-1999
Fuss-1996

2

According to sworn testimony of the Debtor, the collective value of these items is at least $634,105.00.

6.       From April 2003 until December 2007, the Debtor purported to "sell" these art items to his stepfather Dr. Lawrence Goldberg and his mother Carole Goldberg (collectively, the "Defendants"). The Debtor asserts that he sold the art to the Defendants in a series of transactions memorialized by certain documents entitled "Loan Secured With Following Collateral" which purported to detail the terms of a loan, and certain documents entitled "Collateral Agreement and Sales Agreement" which purported to detail the transfer and/or collateralization of a loan.

7.       The signatures of the Defendants appear nowhere on any of these documents. The Debtor failed to list any of these alleged transfers on his bankruptcy schedules or statements. Despite repeated request, the Defendants have never provided any evidence or confirmation to the Trustee to show these were genuine transactions, or that any transfers of art actually occurred.

## IV. COMPLAINT FOR DECLARATORY JUDGMENT AND TURNOVER OF PROPERTY OF THE ESTATE

8.       These purported transfers were sham transactions concocted by the Debtor to hide assets from creditors. As such, the Trustee believes that each and every item of artwork listed above is property of this bankruptcy estate. The Trustee requests that this Court enter a declaratory judgment that such items are property of this bankruptcy estate that may be liquidated by the Trustee for the benefit of its creditors. To the extent such items are in the possession of the Defendants, the Trustee requests that Defendants be ordered to turn over such items to the Trustee.

## V - SECTION 24.005(A)(1) OF THE TEX. BUS. & COMM. CODE

9. Alternatively, if it is determined that the transfers to the Defendants actually occurred, the Trustee believes that such transfers are avoidable pursuant to Tex. Bus. & Comm. Code Section 24.005(a)(1) provides that "a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation… with actual intent to hinder, delay, or defraud any creditor of the debtor."

10. In making the transfers above, the Debtor intended to delay, hinder, or defraud his creditors. As such, the transfers to the Defendants should be avoided.[1]

## VI - SECTION 24.005(A)(2) OF THE TEX. BUS. & COMM. CODE

11. Tex. Bus. & Comm. Code Section 24.005(a)(2) provides that "a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation… without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor… was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or… intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."

12. The consideration received by the Debtor in exchange for the transfers to the

---

1 Tex. Bus. & Comm. Code Section 24.010 provides for a four-year limitations period after the transfer was made. If the documentation provided by the Debtor to the Trustee is accurate, then the first section consisting of five (5) items listed in paragraph 5 may have been transferred more than 4 years prior to the petition date.

Defendants was less than reasonably equivalent value, and the Debtor was engaged in, or was about to engage in, a business or transaction for which his remaining assets were unreasonably small; and he intended to incur, or believed that he would incur, debts beyond his ability to pay.

13. As such, the transfers to the Defendants should be avoided.[1]

### VII - SECTION 24.006(A) OF THE TEX. BUS. & COMM. CODE

14. Tex. Bus. & Comm. Code Section 24.006(a) provides that "a transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

15. On information and belief, the Debtor was insolvent at the time of the transfers to the Defendants, or became insolvent as a result of the transfers to the Defendants.

16. In exchange for the transfers to the Defendants, the Debtor received less than reasonably equivalent value.

17. Trustee brings these causes of action pursuant to 11 U.S.C. § 544(b) which provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title…"

### VIII - 11 U.S.C. § 548

18. 11 U.S.C. § 548(a) provides that the Trustee may "avoid any transfer of an interest of the debtor in property... that was made or incurred on or within 2 years before the date

5

of the filing of the petition, if the debtor voluntarily or involuntarily:

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B) (i) received less than reasonably equivalent value in exchange for such transfer or obligation;
>
>> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>>
>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
>>
>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debtors matured.

19.     With respect to those transfers that were made within two (2) years of the petition herein to the Defendants, the transfers were made with actual intent to hinder, delay, or defraud creditors and/or the Debtor received less than reasonably equivalent value in exchange for such transfers and was insolvent on the dates that such transfers were was made or became insolvent as a result of such transfers.[2]

20.     The Trustee requests that those transfers made within two (2) years of the petition date by the Debtor to the Defendants be set aside pursuant to 11 U.S.C. § 548.

### IX – 11 U.S.C. § 547

21.     11 U.S.C. §547(b) provides that the Trustee may avoid any transfer of an interest

---

[2] If the documentation provided by the Debtor to the Trustee is accurate, then the first and second sections consisting of twenty-seven (27) items listed in paragraph 5 may have been transferred more than 1 year prior to the petition date.

of the debtor in property--

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before such a transfer was made;

    (3)    made while the debtor was insolvent;

    (4)    made --
        (A)    within 90 days before the date of the filing of the petition; or
        (B)    made within one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5)    that payment enables such creditor to receive more than such creditor would if–
    A)    the case were a case under Chapter 7 of this title;

    B)    the transfer had not been made; and

    C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

22.    With respect to those transfers that were made within one (1) year of the petition herein to the Defendants, the transfers were made on account of an antecedent debt, while the Debtor was insolvent, within one year before the petition date to an insider, and enabled the Defendants to receive more than they would have received if - (1) the case were administered under Chapter 7 of the Bankruptcy Code; (2) the transfers had not been made; and (3) such creditor received payment of such debt to the extent provided by the provisions of this title.

23.    Such transfers constitute preferential transfers that the Trustee may avoid pursuant to 11 U.S.C. § 547.[3]

---

3 If the documentation provided by the Debtor to the Trustee is accurate, then the first, second and third sections consisting of thirty-one (31) items listed in paragraph 5 may have been transferred more than 2 years prior to the petition date.

## X - RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. §550

24. To the extent the transfers are avoided, the Trustee is entitled to judgment against the Defendants for the value transferred pursuant to 11 U.S.C § 550.

WHEREFORE, the Trustee prays that the Court (1) issue a declaratory judgment that all items of art listed in paragraph 5 above are property of the bankruptcy estate that may be liquidated for the benefit of its creditors; (2) order Defendants to turnover the property listed in paragraph 5 to the Trustee; (3) alternatively, enter judgment avoiding the transfers of the property listed in paragraph 5 pursuant to Texas law and Sections 544, 547, 548 and 550 of the United States Bankruptcy Code; (4) enter judgment against Defendants for the value of the art purportedly transferred to Defendants; and (5) award Trustee his reasonable costs, attorney's fees and expenses as may be appropriate; (6) grant Trustee such other and further relief as is just.

Respectfully submitted,

*/s/ Timothy L. Wentworth*

_____
TIMOTHY L. WENTWORTH
TBN 21179000
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
(713) 789-0500
ATTORNEYS FOR LOWELL T. CAGE, TRUSTEE